FITCHBURG DUCK MILLS v. BARRELL.

(Circuit Court of Appeals, First Circuit. September 8, 1914.)

No. 1042.

On rehearing. Petition denied.

For former opinion, see 214 Fed. 777.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. The underlying question involved here was so close that we deem it proper to make some special observations in regard to it. The appellant's petition for rehearing is based on the proposition that the court did not consider properly the matter of anticipation; but the opinion of the District Court in this case took up the matter of anticipation broadly, and so broadly as to cover every allegation of the appellant in reference thereto. It disposed of the proposition that it could not be properly said that in this case the patentee had taken some "fabric of the prior art, and merely put it into use as a drier-felt, without change in structure, object, function or result"; and, therefore, the District Court held that the adaption to the present use involved invention. This opinion, and the propositions contained in it, were before this court; and all the parties in interest had full opportunity to discuss the same and to have their day in reference thereto.

It seems to us that our opinion passed down on May 20, 1914, fully covered these propositions, and that, therefore, everything which the

appellant seeks to present on a rehearing has been fully anticipated. All cases of this character are close, as is well known, and as will be seen by the array of authorities pro and con given in Walker on Patents (4th Ed.) under sections 26, 37, and 180, where it is said there are more than 40 authoritative decisions, to which may be added the striking case of the Cash Register Co., 156 U. S. 502, 15 Sup. Ct. 434, 39 L. Ed. 511, and Mr. Renwick's section 13 in his work on Patentable Invention. We can therefore see nothing to be gained by renewing the matter as requested by the appellant.

Ordered: The petition for rehearing, filed by the appellant on August 1, 1914, is denied, and mandate will issue forthwith.